DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ARTHUR FELS (SBN 294802)
afels@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC (misdenominated as Employee Benefit Management Services, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS and MONTEREY PENINSULA HORTICULTURE, INC./STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.;<br><br>Defendant. | Case No.: 5:20-cv-01660-NC<br><br>Hon. Mag. Nathanael M. Cousins<br><br>Date:  May 13, 2020<br>Time: 1:00 p.m.<br>Place: Courtroom 5, 4th Floor, San Jose Courthouse<br><br>**DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Complaint Filed: March 6, 2020<br>Trial Date: None Set |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................2

II. PERTINENT FACTS ALLEGED BY ROCKET..............................................3

III. PROCEDURAL HISTORY THROUGH THE DISMISSAL OF PLAINTIFFS' FIRST COMPLAINT AGAINST EBMS .............................4

IV. PROCEDURAL HISTORY AFTER DISMISSAL OF PLAINTIFFS' FIRST COMPLAINT AGAINST EBMS .............................4

V. ARGUMENT .......................................................................................................5

    A. The Legal Standard on a Motion to Dismiss. ......................................5

    B. The ASA Mandates Dismissal Because Rocket Failed to Mediate in Good Faith. ...........................................................................6

    C. Rocket's First Cause of Action for Breach of Fiduciary Duty must be Dismissed Because EBMS did not owe a Fiduciary Duty to Rocket. ...........................................................................7

VI. CONCLUSION ....................................................................................................9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

i

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re A.T. Reynolds & Sons, Inc.*,
   452 B.R. 374 (S.D.N.Y. 2011) .................................................................................. 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................ 5

*Baca v. Dileo*,
   No. 1:15-cv-01916-DAD-JDP (PC), 2020 U.S. Dist. LEXIS 9918
   (E.D. Cal. Jan. 21, 2020) ........................................................................................ 6

*Beliveau v. Caras*,
   873 F.Supp. 1393 (CD Cal. 1995) ........................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 5

*Brosnan v. Dry Cleaning Station Inc.*,
   No. C-08-02028 EDL, 2008 U.S. Dist. LEXIS 44678 (N.D. Cal.
   June 6, 2008) ........................................................................................................... 6

*Cent. Valley AG Coop. v. Leonard*,
   400 F. Supp. 3d 819 (D. Neb. 2019) ....................................................................... 9

*Dalameter v. Anytime Fitness, Inc.*,
   722 F. Supp. 2d 1168 (E.D. Cal. 2010) ................................................................... 6

*Hakopia v. Mukasey*,
   551 F.3d 843 (9th Cir. 2008) ................................................................................... 7

*Hughes Aircraft Co. v. Jacobson*,
   525 U.S. 432 (1999) ................................................................................................ 9

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   722 F. Supp. 2d 1157 (C.D. Cal. 2010) ................................................................... 5

*SEC v. Cross Fin'l Services, Inc.*,
   908 F.Supp. 718 (CD Cal. 1995) ............................................................................. 5

i

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW


*Shroyer v. New Cingular Wireless Services, Inc.*,
  622 F.3d 1035 (9th Cir. 2010) .................................................................................... 5

*Strom v. United States*,
  641 F.3d 1051 (9th Cir. 2011) .................................................................................... 5

*W.E. Aubuchon Co. v. BeneFirst, LLC*,
  661 F. Supp. 2d 37 (D. Mass. 2009) .......................................................................... 9

**Statutes**

Employee Retirement Income Security Act of 1974 ..................................................... 8

ERISA (b) Section 502(a)(2) ......................................................................................... 4

ERISA sections 3(21)(A)(i) and (iii) ............................................................................. 7

**Other Authorities**

F. R. Civ. P. 12(d) ........................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 5

Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................... 1, 3

LR 6-9(a) ........................................................................................................................ 6

ii

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 13, 2020 at 1:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5 of the San Jose Courthouse at 280 South 1st Street in San Jose, California, defendant Employee Benefit Management Services, LLC, misdenominated as Employee Benefit Management Services, Inc. ("EBMS"), will, and hereby does, move this Court for an order dismissing the causes of action of plaintiffs Monterey Peninsula Horticulture, Inc., dba Rocket Farms, and Monterey Peninsula Horticulture, Inc./Steven Roberts Original Desserts, LLC, Employee Benefit Plan for Breach of Fiduciary Duty, Breach of Contract, Indemnity, and Professional Negligence pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief may be granted.

This motion is based upon this Notice of Motion, Motion, and Memorandum of Law, the concurrently filed Declaration of Daniel A. Platt and Request for Judicial Notice, all pleadings and papers on file in this action, any reply papers that may be filed in support of the Motion, and upon such other evidence and arguments as may be presented to the Court at the time of the hearing.

Dated:  April 6, 2020

LOEB & LOEB LLP
DANIEL A. PLATT
ARTHUR FELS

By:   /s/ *Arthur Fels*
Arthur Fels
Attorneys for Defendant
EMPLOYEE BENEFIT
MANAGEMENT SERVICES,
LLC (misdenominated as
Employee Benefit Management
Services, Inc.)

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

1
NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

# MEMORANDUM OF LAW

## I.  INTRODUCTION[1]

Plaintiff Monterey Peninsula Horticulture, Inc., dba Rocket Farms, ("Rocket") is one of the largest horticultural and fresh cut herb employers in California, with hundreds of employees across fifteen different locations, including the Salinas Valley. Salinas Valley Memorial Hospital ("SVMH") is a major healthcare provider for Rocket's employees.

Prior to July 1 2014, Rocket provided fully insured healthcare coverage to its employees in the Salinas area.  In early 2014, Rocket, with the cooperation of its broker, Alliant Insurance Services, Inc. ("Alliant"), began exploring a transition to a self-funded employee healthcare model as a cost-saving measure.  Rocket ultimately retained defendant Employee Benefit Management Services, LLC ("EBMS") as a third-party administrator during Rocket's self-funded period.

Rocket, along with EBMS, simultaneously retained Advanced Medical pricing Solutions, Inc. ("AMPS"), fka CDS Claims Delegate Services, LLP ("CDS"), to incorporate a reference based reimbursement (RBR) mechanism as a further cost-saving measure, which pays providers on a cost plus model based on healthcare provider costs derived from Medicare (the "CDS Agreement").[2]

Between July 1, 2014 and June 30, 2017, EBMS (as third-party administrator of the plan) and CDS (as the RBR vendor) administered Rocket's self-funded employee health plan.  EBMS paid healthcare providers, such as SVMH, based on CDS's calculations.  SVMH unsuccessfully appealed the RBR determinations made by CDS and ultimately filed a lawsuit against Rocket for allegedly underpaid bills

---

[1] The facts contained in the introduction are for background purposes only and not offered as part, or necessary in considering any, of the legal arguments contained in this motion, and, to the extent not alleged in the complaint, are all subject to judicial notice. (*See*, Request for Judicial Notice ("RJN") at ¶¶ 1-4, Exs. 1-4.)

[2] The CDS Agreement is a tripartite agreement among Rocket, CDS and EBMS.

2

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

(the "SVMH Matter").  Rocket, in turn, filed a third party complaint ("TPC") against EBMS, CDS, and Alliant. EBMS successfully moved to dismiss the TPC because Rocket did not comply with the dispute resolution procedure in its contract with EBMS.

Rocket has since filed the within Action.  As set forth in greater detail below, this Action is defective, in whole or in part, for two reasons.  First, Rocket failed, again, to comply with the contractual requirement to mediate this case prior to filing this lawsuit because it failed to attend, which mandates dismissal of the Action. Second, Rocket's first cause of action for Breach of Fiduciary Duty fails because the ASA specifically provides that EBMS "shall, for no purpose, be deemed [a] fiduciary" of Rocket.

## II.   PERTINENT FACTS ALLEGED BY ROCKET.

Rocket is a California farming corporation with business operations in Half Moon Bay, Salinas, and Thermal, California.  (Compl., ¶ 4.)  In 2014, Rocket implemented a self-funded health benefit program for its 350 employees and their dependents (the "Plan").  *Id*.  Rocket was the sponsor and plan fiduciary for the Plan. *Id*.

EBMS is a Montana corporation that operates as a third-party administrator for self-funded employee health plans.  (Compl., ¶ 5.)  In 2014, on the advice of its insurance broker, Rocket hired EBMS to act as the third-party administrator for the Plan according to the terms and conditions of the ASA.  (Compl., ¶ 5, 11.)  EBMS also worked with other vendors, including CDS and AMPS, to implement a reference based reimbursement mechanism to reduce Rocket's healthcare expenditures. (Compl., ¶ 18, 59(c).)

The relationship between Rocket and EBMS is controlled by two agreements. First, the Administrative Services Agreement ("ASA") describes EBMS's duties as the third-party administrator of the Plan. (Compl., ¶ 11.)  Second, the CDS Agreement incorporated the Plan's referenced based pricing mechanism. (Compl., ¶ 18, 19.)  The

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

3

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

contractual relationship between Rocket and EBMS lasted from July 1, 2014 through June 30, 2017. (Compl., ¶ 10.)

## III. PROCEDURAL HISTORY THROUGH THE DISMISSAL OF PLAINTIFFS' FIRST COMPLAINT AGAINST EBMS

On December 13, 2018, Rocket filed the TPC in the SVMH Matter against EBMS, AMPS, CDS, and Alliant. (SVMH Matter ECF No. 44; RJN, ¶ 2, Ex. 2.) Rocket's claims against EBMS included counts for (a) breach of fiduciary duty under Section 502(a)(2) of ERISA, (b) breach of contract, and (c) professional negligence. *Id*. at ¶¶ 31-39, 59-62, and 79-83.

On February 22, 2019, EBMS filed a motion to dismiss the TPC on the grounds that Rocket failed to satisfy a condition precedent for filing suit under the ASA, namely, mediation. (SVMH Matter ECF No. 71; RJN, ¶ 3, Ex. 3.) That motion was granted on June 21, 2019 when Judge Koh issued her ruling on EBMS's motion dismiss, concluding as follows:

> *For the foregoing reasons, the Court GRANTS EBMS's motion to dismiss [Rocket's] TPC against EBMS without leave to amend. The Court's dismissal is without prejudice to Monterey refiling its claims against EBMS once Monterey has fulfilled the mediation condition precedent in the TPC.*

(SVMH Matter ECF. No. 98 at 12; RJN, ¶ 4, Ex. 4.) Judge Koh further noted that "[b]y its plain language, Section 11.01 [of the ASA] requires mediation before either EBMS or [Rocket] pursues '*all* legal and equitable remedies." *Id*. at 11 (emphasis in original).

## IV. PROCEDURAL HISTORY AFTER DISMISSAL OF PLAINTIFFS' FIRST COMPLAINT AGAINST EBMS

Rocket and EBMS thereafter agreed to mediate this dispute on November 22 2019 in Billings, MT as required by the ASA. (Declaration of Daniel A. Platt ("Platt

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

4

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

Decl., ¶ 2.) Two representatives of EBMS and its counsel attended. *Id.* Counsel for Rocket attended alone, with no employee, officer or director of Rocket. *Id.* Rocket filed this case on March 6, 2020.

## V. ARGUMENT

### A. The Legal Standard on a Motion to Dismiss.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is similar to the common law general demurrer in that it tests the legal sufficiency of the claims stated in a plaintiff's complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin'l Services, Inc.*, 908 F.Supp. 718, 726-27 (CD Cal. 1995); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (CD Cal. 1995). A "claim" for purposes of Fed. R. Civ. P. 12(b)(6) refers to a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is warranted under 12(b)(6) when the complaint either fails to allege a cognizable legal theory or is plagued by the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 2010). However, "the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* at 1162-63 (internal quotations omitted); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

5

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

### B. The ASA Mandates Dismissal Because Rocket Failed to Mediate in Good Faith.

Naturally, if a contract requires mediation as a condition precedent to litigation, any action brought prior to mediation is subject to dismissal. *See e.g. Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, 2008 U.S. Dist. LEXIS 44678, at *2 (N.D. Cal. June 6, 2008) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."); *Dalameter v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1180-81 (E.D. Cal. 2010) (dismissing lawsuit where "[t]here [was] no dispute that the parties have not engaged in mediation" because "[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal.").

Rocket Farms was required to mediate in good faith by, at minimum, attending mediation, providing pre-mediation memoranda, and producing an organizational representative with sufficient authority to settle. *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 381 (S.D.N.Y. 2011) (quoting John Lande, *Using Dispute System Design Methods to Promote Good-Faith Participation in Court-Connected Mediation Programs*, 50 UCLA L. Rev. 69 (2002)). This standard was recently quoted with approval by the United States District Court for the Eastern District of California. *Baca v. Dileo*, No. 1:15-cv-01916-DAD-JDP (PC), 2020 U.S. Dist. LEXIS 9918, at *9 (E.D. Cal. Jan. 21, 2020). The presence of counsel at the mediation is not a an appropriate substitute, and is expressly rejected as such by the local rules of this Court. *See* ADR LR 6-9(a) ("All named parties and their counsel are required to attend the Mediation in person unless excused under paragraph (d) below. This requirement reflects the Court's view that the principal values of Mediation include affording litigants opportunities to articulate directly to the other parties and a neutral their positions and interests and to hear, first hand, their opponent's version of the matters in dispute.")

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

6
NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

Rocket failed to satisfy its obligation to mediate in good faith because it failed to have a corporate representative attend the mediation along with its lawyer. (Platt decl., ¶ 2.)  Because it did not attend, Rocket's complaint must be dismissed pursuant to Section 11.01 of the ASA.[3]

## C. Rocket's First Cause of Action for Breach of Fiduciary Duty must be Dismissed Because EBMS did not owe a Fiduciary Duty to Rocket.

Plaintiffs' first count for Breach of Fiduciary Duty alleges that "EBMS is a fiduciary because EBMS exercise[d] authority over Plan assets; exercised discretion regarding the drafting, design and terms of the SPD; and exercised discretion regarding the adjudication of first level provider appeals."  (Compl., ¶ 41).

This allegation is directly contradicted by both Plaintiffs' own allegations and the express language of the ASA.  First, the Complaint describes Rocket, not EBMS, as "the sponsor and plan fiduciary of the Plan under ERISA sections 3(21)(A)(i) and (iii)."  (Compl., ¶ 4); *Hakopia v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) ("Allegations in a complaint are considered judicial admissions.")  Second, and perhaps more important, **the ASA expressly and repeatedly states that EBMS is not a fiduciary**:

- Section 2.05 => Contract Administrator [EBMS] and Plan Sponsor [Rocket] agree that any and all functions performed by Contract Administrator on behalf of the Plan Sponsor **do not give rise to Contract Administrator acting as a "fiduciary"** of the Plan.  Both parties agree that **the Contract Administrator is not a fiduciary** of or for the Plan; that **Contract Administrator does not have discretionary authority or discretionary control** with respect to the

---

[3] The Court also has the inherent power to convert this motion to a motion for summary judgment if it deems necessary.  F. R. Civ. P. 12(d).

18890815.5
231426-10003

7

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF LAW

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

management of the Plan; that Contract Administrator does not exercise any authority or control with respect to the management or disposition of the assets of the Plan; that Contract Administrator does not render investment advice; and with respect to the foregoing, the Contract Administrator has no authority or responsibility to do so. (Emphasis added.)

- Section 5.02 => It is understood and agreed that the Contract Administrator is, and shall remain, an independent contractor with respect to the services being performed and **shall, for no purpose, be deemed an employee or fiduciary** of the Plan Sponsor. (Emphasis added.)

- Section 5.03 => It is understood and agreed that the **Contract Administrator is not a "Plan Sponsor," "Plan Administrator" or "Fiduciary"** of or for the Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") or applicable state law. Notwithstanding anything in the agreement to the contrary, any delegation of authority or duties pursuant to this Agreement construed by a court of law or government agency to make the Contract Administrator such a Plan Administrator or **fiduciary shall be null and void, and such duties are hereby retained by the Plan Sponsor**. Accordingly, any services to be performed by Contract Administrator shall be **limited to the ministerial services** set forth in this Agreement and the performance by Contract Administrator of such services shall be subject to review by the Plan Sponsor. (Emphasis added.)

- Section 5.06 => It is understood by the Plan Sponsor that the **Contract Administrator is not** an insurance company, investment

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

8

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

advisor, plan administrator, **fiduciary**, custodian, law firm or actuarial firm. (Emphasis added.)

(Compl., Ex. 2 at 6, 7, 8.) Rocket therefore cannot maintain an action against its third-party administrator for breach of fiduciary duty. *See e.g. W.E. Aubuchon Co. v. BeneFirst, LLC*, 661 F. Supp. 2d 37, 52 (D. Mass. 2009) ("In situations where an employee benefit plan has contracted with a third party to provide claims processing and other administrative services to the plan, but has retained discretion to decide disputed claims, courts have universally ruled that the service provider is not a fiduciary.") (Internal quotations omitted).[4]

## VI. CONCLUSION

For the reasons set forth above, EBMS respectfully requests that the Complaint be dismissed, or, alternatively, that the first count for Breach of Fiduciary Duty be

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[4] All controlling authority is consistent with this result. For example, in a recent case decided in the federal district of Nebraska involving the same reference based reimbursement vendors, the court considered whether a third-administrator should be considered a fiduciary because of "(1) the way [the third-party administrator] designed the Plan, (2) the way [the third-party administrator] administered costs-savings mechanisms for claims processing, and (3) [the third-party administrator's] decision to retain AMPS and CDS." *Cent. Valley AG Coop. v. Leonard*, 400 F. Supp. 3d 819, 835 (D. Neb. 2019). The court's holding was clear. "[N]one of these circumstances made [the third-party administrator] a fiduciary of the plan." *Id*. It was also consistent with United States Supreme Court authority that "ERISA's fiduciary duty requirement simply is not implicated where… the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive Plan benefits and in what amounts, or how such benefits are calculated." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

9

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

dismissed.

                                                           Respectfully submitted,

Dated: April 6, 2020                        LOEB & LOEB LLP
                                                           DANIEL A. PLATT
                                                            ARTHUR FELS

                                                      By:   */s/ Arthur Fels*
                                                                  Arthur Fels
                                                                  Attorneys for Defendant
                                                                  EMPLOYEE BENEFIT
                                                                  MANAGEMENT SERVICES,
                                                                  LLC. (misdenominated as
                                                                  Employee Benefit Management
                                                                  Services, Inc.)

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

18890815.5
231426-10003

10
NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW