KENNADAY LEAVITT PC
CURTIS S. LEAVITT (SBN 162032)
cleavitt@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone:    (916) 732-3060

Attorneys for Plaintiffs
MONTEREY PENINSULA
HORTICULTURE, INC. dba ROCKET
FARMS and MONTEREY PENINSULA
HORTICULTURE, INC. / STEVEN
ROBERTS ORIGINAL DESSERTS, LLC,
EMPLOYEE BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS and MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.,<br><br>Defendant. | Case No. 5:20-cv-01660-NC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:        May 13, 2020<br>Time:        1:00 p.m.<br>Location: Courtroom 5, 4th Floor<br>Judge:       Hon. Mag. Nathanael M. Cousins<br><br>Complaint Filed: March 6, 2020<br>Trial Date:         None Set |

## INTRODUCTION

Defendant Employee Benefit Management services' ("EBMS") Motion to Dismiss is brought to harass or further delay final resolution of this dispute. First, the Complaint *alleges* the parties exhausted the contractual mediation requirement when they had an extensive mediation with Mediator, Richard Mainland. (*See,* Complaint, ¶ 38). For purposes of this Rule 12(b)(6) motion, that factual allegation must be accepted as true. But should this Court look beyond the four-corners of the Complaint, the fact that Plaintiff, Monterey Peninsula Horticulture ("MPH") was represented at the mediation solely by counsel was agreed to by the parties. EBMS cannot *now* object to the mediation process it established. (*See,* Declaration of Curtis S. Leavitt in Opposition to Defendants

00197413.1                                                                  -1-

Motion to Dismiss, ¶ 2; hereinafter "Leavitt Decl.")

EBMS also seeks dismissal of Plaintiffs' First Cause of Action for Breach of Fiduciary Duty. But again, the Complaint contains numerous factual allegations documenting EBMS's exercise of discretionary authority over the Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC Employee Benefit Plan (the "Plan"). The Employee Retirement Income Security Act ("ERISA") defines a fiduciary as one who "exercises any authority or control respecting management or disposition" of plan assets. (29 U.S.C. § 1002(21)(A)). EBMS, therefore, can be an ERISA fiduciary even if its contract says otherwise. Stated differently, whether EBMS is an ERISA fiduciary is *not* dependent on what EBMS's contracts state, but on what functions are undertaken by EBMS pursuant to those contracts. Here, the Complaint alleges EBMS exercised discretionary authority over the Plan regarding management and disposition of Plan assets, as well as payment of claims and adjudication of healthcare providers' first level appeals. These duties were undertaken by EBMS pursuant to its Administrative Services Agreement ("ASA"), and the three-way contract between Plaintiffs, EBMS, and AMPS/CDS (the "CDS Agreement"). The courts are unwavering in finding that such functions bestow ERISA fiduciary responsibility on persons or entities regardless of what the person's or entity's contracts state.

## **LEGAL ARGUMENT**

**A.   The Parties Exhausted Their Contractual, Pre-Litigation Mediation Requirement When the Parties Mediated this Dispute in Billings, Montana Before Mediator, Richard Mainland.**

EBMS seeks dismissal of the Complaint under Rule 12(b)(6) (or alternatively, seeks to have its motion converted to a motion for summary judgment under the Court's inherent power) because an "organizational representative" from MPH did not personally attend the contractual pre-litigation mediation. But the Complaint alleges that the mediation was completed, and there is no contractual requirement for personal appearance of an "organizational representative" at the mediation. Moreover, prior to the mediation, EBMS agreed that MPH's "organizational representative" could appear by phone, which he did. (Leavitt Decl., ¶¶ 2 & 5).

///

///

### 1. The Complaint Alleges Facts that the Parties Exhausted the Contractual, Pre-litigation Mediation Requirement.

A dismissal under Rule 12(b)(6) is only appropriate if the Complaint fails to allege a cognizable legal theory or is plagued by the absence of sufficient facts. *Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010). Moreover, all reasonable inferences must be drawn in Plaintiffs' favor. *See, Main State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 2010). Here, the Complaint alleges in relevant part:

> Plaintiffs initially filed their complaint against Defendants on or about January 18, 2019. … Defendants thereafter unreasonably delayed the mediation until December 2019. In December 2019, the parties met in Billings, Montana before mediator Richard Mainland. Though that effort did not reach a meaningful result, the parties continued the mediation process thereafter both with the aid of Mr. Mainland and directly between the parties up to and including the date of the filing of this complaint. (Complaint, ¶ 38).

This Court must accept the factual allegation that the "parties met in Billings, Montana before mediator Richard Mainland" and that "the parties continued the mediation process … with the aid of Mr. Mainland and directly between" themselves. The only reasonable inference is that Plaintiffs hired Mediator Richard Mainland and attended the mediation in Billings, Montana, to satisfy the contractual, pre-litigation mediation requirement. No other *reasonable* inference can be taken from paragraph 38 of the Complaint.

### 2. Prior to the Mediation, EBMS Agreed that MPH's "Organizational Representative" Could Attend by Phone.

EBMS *now* argues that the Complaint should be dismissed (or alternatively, summary judgment should be granted) because an "organizational representative" did not attend the mediation in person. (*See,* Declaration of Daniel A. Platt in support of Motion to Dismiss, ¶ 2; hereinafter "Platt Decl.") But prior to the mediation, Mr. Platt *agreed* that MPH's organizational representative could attend by phone, which he did. (Leavitt Decl., ¶¶ 2 & 5).

First, Plaintiffs object and request that the Platt Declaration be stricken, as it is improper in the context of a Rule 12(b)(6) Motion to Dismiss. *Price v. Philpot,* 420 F.3d 1158, 1167 (10th Cir. 2005). However, to the extent this Court allows Mr. Platt's Declaration for purposes of ruling on a Motion for Summary Judgment, the declaration is misleading because it fails to acknowledge that

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

prior to the mediation, Mr. Platt agreed that MPH's "organizational representative" could appear by phone.

On September 17, 2019, a pre-mediation call was held with Mediator, Richard Mainland. Counsel for MPH was present on the call, as was Mr. Platt. (Leavitt Decl., ¶ 2). During the call, MPH's counsel recommended that the mediation occur in California because Plaintiffs, all counsel, and the mediator reside in California. Only EBMS resides in Montana. (*Id.*) MPH's counsel further stated that Plaintiffs' personal attendance could be guaranteed at a mediation occurring anywhere in California, if Plaintiffs' personal attendance was important to EBMS. However, should EBMS insisted on the mediation occurring in Billings, Montana, then an employee representative from MPH could not attend the mediation in person, but would be available by phone. (*Id.*) MPH's counsel also assured both Mr. Mainland and Mr. Platt that he would have full settlement authority regardless of where the mediation occurred. Mr. Platt insisted on the mediation occurring in Billings, Montana, and did not object to the arrangement of having Plaintiffs' representative available by phone. (*Id.*) The parties' agreement was confirmed in an e-mail sent later that day by the mediator, wherein Mr. Mainland wrote:

> This will confirm our conference this morning as follows:
>
> 1. The mediation will be held in Billings, Montana at EBMS's offices. Mr. Platt will circulate the address of the offices. Mr. Leavitt's client representative will not be present, but will be available by phone on the day of the mediation. Mr. Levitt will attend with full settlement authority. (*Id.*)

Mr. Platt did not object, contest, or question the accuracy of Mediator Mainland's confirming e-mail. Instead, Mr. Platt responded with gratitude, and provided the address for EBMS's office. (*Id.*)

On November 21, 2019, the Mediator, along with counsel for Plaintiffs and Defendant, flew from California to Billings, Montana. The mediation began early the following day. MPH's counsel attended the mediation with full settlement authority. MPH's President, Charles Kosmont, was available by phone the entire time, and in-fact participated in several phone calls. (Leavitt Decl., ¶ 5). At no time during the mediation did EBMS or Mr. Platt object to the fact that MPH's organization representative was not personally present, nor did EBMS request that he personally attend. (*Id.*)

EBMS ignores the agreement regarding the parties' pre-litigation, contractual mediation,

and cites this Court's ADR Local Rule, 6-9(a), for the theory that MPH's organizational representative was required to appear in Billings, Montana. But the mediation was *not* conducted pursuant to this Court's Local Rule (requiring a named party to attend mediations subject to the Local Rule), but was conducted pursuant to "the American Arbitration Association ("AAA") Rules of Procedure for Mediation." (*See*, § 11.01 "Dispute Resolution" of the ASA, Exh., 2 of Plaintiffs' Complaint.) The AAA rules do not require personal attendance at contractual mediations.

**B.  The Complaint Pleads Facts Sufficient to Demonstrate that EBMS was an ERISA Fiduciary who Breached its' Fiduciary Obligations.**

EBMS seeks dismissal of Plaintiffs' First Cause of Action for Breach of Fiduciary Duty because "the ASA expressly and repeatedly states that EBMS is not a fiduciary." (EBMS's Notice of Motion and Motion to Dismiss; Memorandum of Law, p., 7, ln., 17-18; hereinafter "EBMS's Motion"). In seeking dismissal based solely on the ASA's terms, EBMS ignores: (1) the Complaint's factual allegations that EBMS exercised fiduciary responsibility over the Plan; and (2) the relevant law concerning ERISA fiduciary requirements.

*1.  The Complaint Alleges Facts Demonstrating that EBMS was an ERISA Plan Fiduciary.*

EBMS seeks dismissal because EBMS's template ASA repeatedly states that EBMS is not a fiduciary. (EBMS's Motion, pp., 7-9). But whether EBMS is an ERISA fiduciary does not turn on contractual terms, but depends on whether EBMS actually "exercised any authority or control respecting management or disposition of" Plan assets. (29 U.S.C. § 1002(21)(A)). "A fiduciary within the meaning of ERISA must be someone acting in the capacity of manager, administrator, or financial advisor." *Pegram v. Hedrich*, 530 U.S. 211, 222 (2000). Here, The Complaint alleges with detailed specificity the discretionary authority delegated to and exercised by EBMS pursuant to the ASA and CDS Agreement.

Initially, the Complaint alleges: "EBMS determined what healthcare providers would be paid by the Plan, and in what amount." And "EBMS was a fiduciary of the Plan … with regard to the design and terms of the Plan document, including the cost saving mechanism for claims processing and first level provider appeals review." (Complaint, ¶ 5). Later, the Complaint explains: "EBMS was obligated to 'process and adjudicate all claims presented for payment in accordance

with the Plan Document.' (ASA section 2.01(b))." (Complaint, ¶ 11). And "EBMS agreed to be responsible to 'process all Hospital and Facility Claims in accordance with the New Plan Document and Applicable Law.' (CDS Agreement, p. 6, Processing and Payment.)." (Complaint, ¶ 19). And "the Plan Document required payment to providers to be a maximum of 140% or 150% of the Medicare allowable … [but] EBMS routinely misrepresented to providers who sought eligibility and benefit information that payment under the MPH plan would pay 70% of the provider's full billed charges." (Complaint, ¶ 13).

EBMS was also granted the discretionary authority to review, and approve or deny healthcare providers' first level appeals. As to this point, the Complaint alleges EBMS was "responsible for making benefit determinations on first Appeals and sending out required notices regarding such determinations." EBMS would "review the information initially received and any additional information provided by the Claimant, and determine if the Initial Benefit Determination was appropriate based upon the terms and conditions of the Plan and other relevant information." (Complaint, ¶ 19).

Finally, the Complaint explains why EBMS was a Plan fiduciary within the meaning of ERISA section 1002(21)(A). The Complaint alleges: "EBMS acted with *complete discretion and authority* as to the disbursement of Plan assets on all healthcare provider claims." And "EBMS exercised *complete authority and control over Plan assets* by determining what payment would be made out of Plan assets, to whom such payments would be made, and in what amounts." (Complaint, ¶ 32). "EBMS is a fiduciary because EBMS exercises authority over Plan assets ... and *exercised discretion* regarding the adjudication of first level provider appeals." (Complaint, ¶ 41).

These factual allegations sufficiently state the necessary predicate to establish EBMS as a Plan fiduciary, regardless of what EBMS's template ASA provided. These factual allegations must be accepted as true for purposes of EBMS's Motion to Dismiss under Rule 12(b)(6).

### 2. *EBMS's Reliance on the Terms of its Template ASA is Misplaced.*

EBMS's Motion ignores the language in the Complaint and cites exclusively to the terms of its template ASA. EBMS's efforts are misdirected. "If an ERISA fiduciary writes words in an instrument exonerating itself of fiduciary responsibility, the words, even if agreed upon, are

1  generally without effect." *IT Corp. v. General American Life Ins. Co.* 107 F.3d 1415, 1418 (9th Cir. 1997). This is because ERISA provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a). If EBMS is a fiduciary, as defined in 29 U.S.C. section 1002(21)(A) then, "any interpretation of the Plan which prevents [EBMS] acting in a fiduciary capacity from being found liable as [a] fiduciar[y] is void." *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1460 (9th Cir. 1995). "ERISA defines fiduciary not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan, thus expanding the universe of persons subject to fiduciary duties—and to damages—under § 409(a)." *Id.* at 1459 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993)) (emphasis in original).

Ignoring the law directly applicable to his case under Supreme Court and Ninth Circuit precedent, EBMS's Motion cites to section 2.05 of the ASA. This section states: "[EBMS] does not have discretionary authority or discretionary control with respect to the management of the Plan." (EBMS's Motion, p., 7, Ln., 25.)  But a "third-party administrator becomes a fiduciary … if it assumes discretionary authority over a plan, even if the administration contract states that the third-party administrator has no discretionary authority." *Harold Ives Trucking Co. v. Spradley & Coker, Inc.,* 178 F.3d 523, 526 (8th Cir. 1999). Clearly, EBMS's efforts to rely on its ASA template language is insufficient for granting a Rule 12(b)(6) motion. Here, the Complaint alleges specific facts, that if true, demonstrate the functional control EBMS maintained over the Plan, and the basis of its liability for Breach of Fiduciary Duty.

## CONCLUSION

EBMS's Motion must be denied. First, the Complaint adequately alleges facts demonstrating that MPH complied with the contractual pre-litigation mediation requirement. The fact that MPH's organizational representative attend by phone satisfied the contractual obligation *and* was agreed to by EBMS. EBMS cannot now seek dismissal of the Complaint when it was unwilling to reach a mediated settlement under the procedure it established. Second, EBMS's request that Plaintiffs' claim for Breach of Fiduciary Duty be dismissed is without support. EBMS is an ERISA fiduciary based on its *functional* control and authority over the plan, and not because its' template ASA said

otherwise. EBMS's Motion must be denied.

DATED: April 10, 2020

KENNADAY LEAVITT PC

By: _____/s/ Curtis S. Leavitt_____
CURTIS S. LEVITT
Attorneys for Plaintiffs
MONTEREY PENINSULA
HORTICULTURE, INC. dba ROCKET
FARMS and MONTEREY PENINSULA
HORTICULTURE, INC. / STEVEN
ROBERTS ORIGINAL DESSERTS, LLC,
EMPLOYEE BENEFIT PLAN

Kennaday Leavitt PC
Attorneys at Law
621 Capitol Mall | Suite 2500
Sacramento, CA 95814

00197413.1

-8-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS