DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ARTHUR FELS (SBN 294802)
afels@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC (misdenominated as Employee Benefit Management Services, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS and MONTEREY PENINSULA HORTICULTURE, INC./STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.;<br><br>   Defendant. | Case No.: 5:20-cv-01660-NC<br><br>Hon. Mag. Nathanael M. Cousins<br><br>Date:  May 13, 2020<br>Time: 1:00 p.m.<br>Place: Courtroom 5, 4th Floor, San Jose Courthouse<br><br>**REPLY IN SUPPORT OF DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Complaint Filed: March 6, 2020<br>Trial Date: None Set |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

REPLY IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

EBMS's[1] motion to dismiss (the "Motion") addresses two distinct issues. First, Rocket (again) failed to satisfy its contractual obligation to mediate in good faith prior to filing suit, which mandates dismissal (again). Second, the relationship between EBMS and Rocket, which is governed by the ASA, specifically contradicts and affirmatively defeats the allegations in the complaint that EBMS was allegedly a fiduciary of Rocket. Thus, the count for Breach of Fiduciary Duty is fatally flawed and must be dismissed.

Regarding the first issue, Rocket confirms in its opposition to the Motion (the "Opposition") that it participated in a mediation exclusively as a predicate for returning to court, and not in a good faith attempt to resolve its dispute with EBMS: "The only reasonable inference is that [Rocket] hired [m]ediator Richard Mainland and attended the mediation in Billings, Montana, to satisfy the contractual pre-litigation mediation requirement." (Opposition at 3.) This fact is underscored by Rocket's refusal to even attend the mediation and to send trial counsel in its place. This admission is fatal to the complaint and mandates dismissal yet again.

Rocket ignores the multiple express waivers of any fiduciary obligation running from EBMS to Rocket in the ASA. Instead, it argues that the ASA is not controlling and tries to divert the Court's attention away from proper legal authority by relying on uncontroversial and inapplicable general principles of law. Rocket completely ignores the authority and specific factual analysis contained in the Motion, and the silence is deafening.

As set forth in greater detail in the Motion and below, EBMS respectfully submits that the Motion should be granted.

---

[1] Unless defined herein, all capitalized words shall have the same meanings as in the moving papers.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

2

REPLY IN SUPPORT OF MOTION TO DISMISS

## II. ARGUMENT

### A. Rocket Did Not Mediate in Good Faith, which Mandates Dismissal of the Action.

In response to the Motion, Rocket alleges that "the parties met in Billings, Montana before mediator Richard Mainland" and that "the effort did not reach a meaningful result." (Opposition at 3.) Those allegations are not in dispute. The sole issue before the Court is whether Rocket participated in good faith as required by Section 11.01 of the ASA. If it did not, it has not complied with the pre-litigation requirements of the ASA and the case must be dismissed.

The record is clear that Rocket refused to send a corporate representative to the mediation, which conclusively establishes that it did not participate in good faith. As indicated in the Opposition, Rocket's only goal was to get back into a courtroom as quickly as possible, and with the minimum expense, not participate in good faith. (Opposition at 3-4.) EBMS does not take this position lightly. After alleging *pro forma* compliance with Section 11.01 of the ASA, Rocket confirms "[t]he only reasonable inference is that Plaintiffs hired [m]ediator Richard Mainland and attended mediation in Billings, Montana, to satisfy the contractual pre-litigation mediation requirement" and that "[n]o other *reasonable* inference can be taken from paragraph 38 of the Complaint." (Opposition at 3) (emphasis in original). Indeed, the Complaint fails to allege that Rocket engaged in mediation *in good faith* as required by the ASA, because it did not, and the case is therefore not ripe and should be dismissed.[2]

---

[2] Rocket also tries to shift blame to EBMS for its failure to attend the mediation by claiming that during a September 17, 2019 pre-mediation call it unilaterally announced it would not comply with the ASA and attend the mediation unless it occurred in California. The bottom line is that Rocket opted not to send an officer, director or employee, and no amount of spin can shift Rocket's failure to attend, in good faith or otherwise, to EBMS.

EBMS remains ready, willing and able to comply with the mediation provisions of the ASA and requests, alternatively, if the Court is not inclined to dismiss Rocket's Complaint, that it order the parties to do so before the litigation proceeds any further.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

3

REPLY IN SUPPORT OF MOTION TO DISMISS

**B.     EBMS Does Not Owe Rocket a Fiduciary Duty.**

    1.     <u>The ASA Gives Rocket and/or Claims Delegate Services all Authority over Plan Assets and Strictly Limits EBMS's Discretion.</u>

Both the ASA and the CDS Agreement are clear that EBMS's duties to Rocket do not involve independent authority over plan assets or the exercise of independent discretion sufficient to create a fiduciary relationship. The following are excerpts from the ASA providing that all discretionary authority resides with Rocket, which is the Plan Sponsor:[3]

- 1.01   <u>The Plan Sponsor [Rocket] is the Plan Administrator and retains ultimate discretionary authority</u> and all final authority and responsibility for the Plan and its operation. The Contract Administrator [EBMS] is empowered to act only as expressly stated in this Agreement or as mutually agreed to in writing.

- 1.02   <u>The Plan Sponsor [Rocket] retains all final authority</u> and responsibility in developing, and determining in accordance with applicable law, benefit provisions, and Plan language describing such benefit provisions, as outlined in the Plan Document, and, where necessary, trust document. Plan Sponsor will secure legal review of such documents from Plan Sponsor's legal counsel.

- 1.03   <u>The Plan Sponsor [Rocket] shall have final authority in determining issues of eligibility and coverage</u> under the Plan and claims to be paid by the Plan with the express exception of the amount of any claim eligible for reimbursement.

- 1.04   <u>The Plan Sponsor [Rocket] shall have final authority as to the investment (if any) and use of any assets</u> to fund the Plan.

---

[3] A copy of the ASA is appended to Rocket's complaint as Exhibit 2. Where emphasis appears, it is added.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

4

REPLY IN SUPPORT OF MOTION TO DISMISS

In contrast, EBMS's duties under the ASA are limited to the terms of the subject plan. For example, EBMS agreed to:

- 2.01(a)   Process and adjudicate all claims presented for payment <u>in accordance with the Plan Document</u> including but not limited to reasonable investigatory work in determining claim eligibility, and preparing and distributing benefit checks, and Explanation of Benefits to Plan Members and/or service providers, as applicable; and

- 2.01(c)   Review and respond to appeals made by Plan Members of adverse benefit determinations <u>as may be required in the Plan Document.</u>

These duties are consistent with the express instruction in Section 2.05 of the ASA that EBMS "does not exercise any authority or control with respect to the management or disposition of the assets of the Plan; that [EBMS] does not render investment advice, and with respect to the foregoing, [EBMS] has no authority or responsibility to do so."[4]

### 2. <u>The Duties Described in the ASA do not Create a Fiduciary Relationship between EBMS and Rocket.</u>

In order to survive the Motion, Rocket generally and vaguely relies on the general legal axiom that the allegation that "EBMS is a fiduciary because EBMS exercises authority over Plan assets… and *exercised discretion* regarding adjudication

---

[4] To the extent the CDS Agreement contemplated a higher standard of care for administering the plan, it was limited to CDS, which had agreed, among other things, to handle final appeals and negotiate settlements of facility claims. CDS's duty was described in the CDS Agreement as follows:

> CDS will exercise its authority and carry out its duties and responsibilities as the Claims Delegate in accordance with the specific terms of the New Plan Documents, as a fiduciary of the Plan, and will adhere to the 'prudent man standard of care' set forth in 29 U.S.C. § 1104(a)(1)(A), (B) and (D). Otherwise, CDS agrees to provide the Services in a professional, workmanlike, commercially reasonable manner.

These specific provisions of the CDS Agreement highlight the ministerial nature of EBMS's agreement to administer the plan.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

5
REPLY IN SUPPORT OF MOTION TO DISMISS

of first level provider appeals" is sufficient, and cites to *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415, 1418 (9th Cir. 1997) in support of that proposition. (Opposition at 6.) That citation and limited analysis is incorrect as a matter of fact and law. All controlling authority dictates that Rocket cannot override the express terms of the ASA and the CDS Agreement. *See Hartmann v. California Dept. of Corrections*, 707 F.3d 1114, 1124 (9th Cir. 2013) (allegations that Department of Corrections wrongfully refused to hire a Wiccan chaplain contradicted by exhibits attached to complaint); *and see Coos County Bd. Of County Com'rs v. Kempthorne*, 531 F.3d 792, 811 n. 14 (9th Cir. 2008) (allegation in complaint disregarded where a document "was attached to the complaint, and it simply [did] not say what [plaintiff] alleged, it [said] the opposite."); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

Indeed, to determine if EBMS had a fiduciary duty to Rocket under the ASA and the CDS Agreement, the contract terms should be measured against 29 U.S.C. § 1002(21)(A), which defines a plan fiduciary under the ERISA framework as follows:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting the management of such plan or exercises any authority or control respecting management of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such a plan. Such term includes any person designated under section 405(c)(1)(B).

Rocket does not dispute that the ASA and the CDS Agreement expressly exclude the factors listed in 29 U.S.C. § 1002(21)(A). Instead, Rocket cites, without analysis, to *Harold Ives Trucking Co. v. Spradley & Coker, Inc.*, 178 F.3d 523, 526 (8th Cir. 1999). But, in that case, the third-party administrator, in consultation with the subject plan's excess loss carrier, denied a claim for services rendered by an uncovered facility. 178 F.3d at 525. The member's attorney objected and the third-party administrator reversed its position without consulting the plan, or the plan sponsor,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

6

REPLY IN SUPPORT OF MOTION TO DISMISS

and "in the face of [the excess loss carrier's] 'adamant' view that the charges would not be covered.". *Id*. at 526. The court considered the third-party administrator's decision to unilaterally accept coverage of a non-covered claim to be conduct sufficient to create a fiduciary relationship, "the contract [being] controlling only to the extent that the [third-party administrator] actually carried out its responsibilities in a manner consistent with its provisions." *Id.* None of those issues are relevant in the instant case and there are no allegations that EBMS paid claims that should not otherwise be covered. The only issue is the amount paid, which falls within the parameters of the CDS Agreement, not the ASA.

Notably, Rocket fails to address *Cent. Valley AG Coop. v. Leonard*, 400 F. Supp. 3d 819 (D. Neb. 2019). This recent case, which discusses the duty of third-party administrators and involves the same reference based reimbursement mechanism, is directly on point. Like this case, the plaintiff sought to impose a fiduciary duty because of "(1) the way [the third-party administrator] designed the Plan, (2) the way [the third-party administrator] administered the costs-savings mechanisms for claims processing, and (3) [the third-party administrator's] decision to retain AMPS and CDS." *Id*. at 835. The court correctly recognized that these activities were "purely administrative functions" completed at the direction of the plan sponsor. *Id*. at 834. This case is even weaker because not only did "[the third-party administrator] did not breach a fiduciary duty by following [the plan sponsor's] instructions in paying claims under the terms of the Plan," but the ASA actually provides that Rocket prepared the Plan. *Id*. at 835.

///
///
///
///
///
///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

7

REPLY IN SUPPORT OF MOTION TO DISMISS

### III. CONCLUSION

For the reasons set forth above, EBMS respectfully requests that the Complaint be dismissed, or, alternatively, that the first count for Breach of Fiduciary Duty be dismissed.

Respectfully submitted,

Dated: April 27, 2020

LOEB & LOEB LLP
DANIEL A. PLATT
ARTHUR FELS

By: */s/ Arthur Fels*
Arthur Fels
Attorneys for Defendant
EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC. (misdenominated as Employee Benefit Management Services, Inc.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18960627.4
231426-10003

8
REPLY IN SUPPORT OF MOTION TO DISMISS

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067.

On April 27, 2020, I served the foregoing document described as: **REPLY IN SUPPORT OF DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Kennady Leavitt Owensby PC
Curtis S. Leavitt
Lance M. Martin
621 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: 916-732-3060
Email: cleavitt@kennadayleavitt.com
lmartin@kennadayleavitt.com

☐ **BY UNITED STATES MAIL**   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ **BY PERSONAL SERVICE**   Nationwide Legal served a true copy of the documents listed above. (Registration Number 5484), having its principal place of business in the County of Los Angeles, State of California, and whose telephone number is (213) 249-9999.  I am over the age of 18 and not a party to the within action; my business address is 1609 James M. Wood Boulevard, Suite 200, Los Angeles, California 90012.

☐ **BY OVERNIGHT DELIVERY**   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)**   I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 27, 2020, at Los Angeles, California.

*/s/ Patti Lavine*
Patti Lavine