UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEREY PENINSULA HORTICULTURE, INC. dba Rocket Farms, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., <br><br> Defendant. | Case No. 20-cv-01660-NC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 9 |

In this lawsuit, plaintiffs Monterey Peninsula Horticulture ("MPH") and its employee benefit plan accuse EBMS of failing to properly administer their health benefit plan. EBMS now moves to dismiss, arguing the parties' agreement mandates mediation and because it is not a fiduciary. Neither argument is persuasive, however, and the Court DENIES EBMS's motion to dismiss.

**I.  Background**

The factual allegations in MPH's complaint are taken as true for the purposes of this motion to dismiss.

MPH is a farming corporation that employs 350 full-time workers. *See* Dkt. No. 1 ("Compl.") ¶ 4. In 2014, MPH implemented a self-funded health benefit plan ("Plan") for its employees pursuant to ERISA § 3(21)(A)(i) and (iii). *Id.* ¶¶ 4, 6. MPH hired EBMS, a

third-party administrative services company, to administer the Plan. *Id.* ¶¶ 5, 6.

Relevant here, the parties executed an Administrative Services Agreement ("ASA") and a Claims Delegate Service Agreement ("CDSA"). *Id.* ¶¶ 11, 18. Under those agreements, EBMS was required to "assist in the preparation of a Plan Document, summaries of benefits, identification cards, and other material necessary to the operation of the Plan." *Id.* ¶ 11. EBMS was also required to cooperate with MPH in the defense of any lawsuit arising out of related matters. *Id.* ¶¶ 11, 14, 16. The ASA further required EBMS to process, adjudicate, and pay provider claims in accordance with the Plan Document. *Id.* ¶¶ 11, 13. EBMS's duty to process claims was further described in the CDSA, which specifically required EBMS to perform "[t]he first level of review" for provider appeals. *Id.* ¶ 19. Finally, EBMS had authority and control over Plan assets by determining to whom and in what amounts payments will be made. *Id.* ¶ 32.

Despite the parties' agreement, EBMS allegedly failed to fulfill its obligations. *Id.* ¶¶ 23–35. EBMS failed to prepare a Summary Plan Description ("SPD") that complied with federal law and further failed to administer the Plan in accordance with the SPD. *Id.* ¶¶ 23–24. EBMS also misrepresented the Plan's benefit levels to healthcare providers. *Id.* ¶ 28. In particular, MPH alleged that EBMS misrepresented to healthcare providers that the Plan would cover between 70 to 100% of all billed charges. *Id.* Under the SPD, however, benefits were capped at 140% or 150% of Medicare rates. *Id.* ¶¶ 26–28.

After EBMS failed to fulfill its obligations under the ASA and CDSA, MPH was sued by various healthcare providers to recover monies on alleged underpaid services. *Id.* ¶ 36. MPH then sued EBMS for indemnity in January 2019. *Id.* ¶¶ 37, 38. EBMS successfully sought dismissal pending resolution of the parties' contractual mediation requirement. *Id.* ¶ 38. In December 2019, the parties finally met for mediation. *Id.* Mediation was ultimately unsuccessful. *Id.*

MPH now sues EBMS for (1) breach of fiduciary duty; (2) breach of written contract; (3) indemnification; and (4) negligence. *See generally id.* EBMS seeks to dismiss the complaint, arguing that MPH failed to mediate in good faith and that it is not a

2

fiduciary.  *See* Dkt. No. 9.  All parties have consented to the jurisdiction of a magistrate judge.  *See* Dkt. Nos. 12, 13.

## II.   Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   Discussion

### A.   Whether MPH Mediated in Good Faith

EBMS first argues that MPH's complaint must be dismissed because MPH failed to satisfy the parties' contractual mediation requirement.  *See* Dkt. No. 9 at 10–11.  According to EBMS, MPH did not send a corporate representative to the parties' mediation and only sent legal counsel.  *Id.*  This, EBMS argues, suggests that MPH did not mediate its dispute in good faith.  *Id.*

On a motion to dismiss, however, the Court is limited to the factual allegations in the complaint.  The complaint alleged that "the parties met in Billings, Montana before mediator Richard Mainland."  Compl. ¶ 38.  It further alleged that the parties continued the mediation process after their initial meeting, albeit with little success.  *Id.*  These allegations plausibly suggest that MPH satisfied its contractual obligation to mediate its dispute.  EBMS's assertion that MPH failed to send a corporate representative to the

3

1  mediation is a fact outside the four corners of the complaint and the Court may not
2  consider it on a motion to dismiss.
3        Even if the Court were to convert this motion to a motion for summary judgment
4  and consider EBMS's factual assertions, EBMS would still be unsuccessful.  According to
5  MPH, the parties agreed that MPH's corporate representative could attend the mediation
6  by phone and personal attendance was not required.  *See* Dkt. No. 14 at 3–4.  MPH further
7  asserts that its counsel had full settlement authority.  *Id.* at 4.  These assertions raise
8  genuine disputes of material fact as to whether EBMS waived personal attendance if it was
9  necessary and whether MPH mediated in good faith.  These disputes preclude summary
10 judgment.
11       Accordingly, the Court DENIES EBMS's motion to dismiss for failure to mediate
12 in good faith.

### B.  Whether EBMS Owed a Fiduciary Duty

14       Next, EBMS argues that, pursuant to the terms of the ASA, it did not owe a
15 fiduciary duty to MPH and MPH's first claim must be dismissed.  *See* Dkt. No. 9 at 11–13.
16 EBMS points to four provisions in the ASA explicitly disclaiming any fiduciary
17 relationship in support of its argument.  *See id.* at 11–12.
18       ERISA provides for two types of fiduciaries.  *See Depot, Inc. v. Caring for*
19 *Montanans, Inc.*, 915 F.3d at 643, 653 (9th Cir. 2019).  A party "designated 'in the plan
20 instrument,' as a fiduciary is a 'named fiduciary.'"  *Id.* (quoting 29 U.S.C. § 1102(a)(2)).
21 A party that, as relevant here, is a "functional fiduciary" if it exercises discretionary
22 authority or discretionary control respecting management of a plan or exercises any
23 authority or control over the disposition of its assets.  *Id.* (citing 29 U.S.C. § 1002(21)(A)).
24 "[T]hird-party administrators are not fiduciaries if they merely perform ministerial
25 functions, including the preparation of financial reports."  *CSA 401(K) Plan v. Pension*
26 *Prof'ls, Inc.*, 195 F.3d 1135, 1138 (9th Cir. 1999).  But "'[a]ny' control over disposition of
27 plan money makes the person who has the control a fiduciary."  *IT Corp. v. Gen. Am. Life*
28 *Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997).

4

1  Here, MPH does not allege that EBMS is a named fiduciary. Rather, it contends
2  that EBMS is a functional fiduciary. In particular, MPH alleged that EBMS had authority
3  and control over Plan assets by determining the amount and recipient of benefit payments.
4  *See* Compl. ¶ 32. The parties' ASA specifically provides that EBMS was responsible for
5  "issu[ing] checks from [MPH]'s Account to pay approved claims." *Id.*, Ex. 2 at 5.

6  These allegations plausibly suggest that EBMS had "any" control over the
7  disposition of Plan assets. 29 U.S.C. § 1102(21)(A). EBMS's alleged authority to issue
8  checks from an account funded by the Plan "is authority or control respecting management
9  or disposition of its assets." *IT Corp.*, 107 F.3d at 142 (quotation marks omitted); *see also*
10 *Depot, Inc.*, 915 F.3d at 658 ("Premiums paid under a self-funded plan are therefore
11 contributions from employees earmarked and held in trust by the employer for the
12 employees' later benefit . . . are therefore assets of the plan."). Such authority or control
13 "cannot be reconciled with holding that it is a non-fiduciary as a matter of law." *Id.*
14 Although the parties' agreement provides that EBMS has no "final discretionary authority
15 or control over the management or disposition of Plan assets . . ." (Compl., Ex. 2 at 6),
16 MPH's allegations, which must be taken as true at this stage of the proceedings, suggest
17 that EBMS had practical control over Plan assets and "any" control over disposition of
18 plan money is enough to impose a fiduciary duty. *IT Corp.*, 107 F.3d at 1421.

19 Accordingly, the Court DENIES EBMS's motion to dismiss MPH's first claim for
20 breach of fiduciary duty.

21 **IV.   Conclusion**

22 The Court DENIES EBMS's motion to dismiss. EBMS must answer the complaint
23 by **June 26, 2020**.

24 The parties must file a joint status report setting forth with specificity the parties'
25 proposal(s) for resolving the issues in this case by **June 5, 2020**. The report must include a
26 proposal for global mediation as to this case and *Salinas Valley Memorial Healthcare*
27 *System v. Monterey Peninsula Horticulture, Inc., et al.*, Case No. 5:17-cv-07076-SVK.
28

5

**IT IS SO ORDERED.**

Dated:  May 26, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge